# Combined plaintiffs' and defendant's objections in the trial testimony Deposition of Luz Feldmann, M.D.

### Objections to Feldmann's Direct Testimony

| Location | Defendant's Objections | Plaintiffs' Basis for Admission |
|---|---|---|
| 25:11-15 | Withdrawn | |
| 29:12 | Withdrawn | |
| 39:2-3; 21-23 *O* | Objection about demonstrative used with witness as it was not previously disclosed nor identified as part of her testimony – object to the testimony at 3:13 – 40:25 | The document was used for video purposes to demonstrate the various CT scan views: sagittal, coronal and axial. It was used for demonstrative purposes only. |
| 43:7 *O* | Leading | Such questions are intended to speed up the trial and save the jury's and the Court's time. |
| 47:1 | Withdrawn | |
| 51:13-18 | Withdrawn | |
| 52:9-13 | Withdrawn | |
| 55:14-17 | Withdrawn | |
| 59:6-9 | Withdrawn | |
| 64:4 | Withdrawn | |
| 65:14 | Withdrawn | |
| 66:20 – 74:16 *O* | The March and April 2012 records were not disclosed until the night before the video deposition on August 24, 2012. Thus, counsel was denied an opportunity to fully and timely prepare for this deposition. This testimony is cumulative of the testimony Dr. Donahue has already given, on the topic the treatment of the knee and the treatment alternatives. | The documents were medical records which the doctor's office had inadvertently not furnished to any party. When it was furnished, it was immediately disclosed. There is no prejudice. Moreover, the defendant had full releases to all of Mrs. Docksey's treaters given pre-litigation to the insurer (of which defense counsel is a full time employee) and defense therefore potentially had the same access as plaintiff's counsel. |
| 76:19-20 | Withdrawn | |
| 77:5-6 | Withdrawn | |
| 77:15-16 | Withdrawn | |
| | PLAINTIFFS' OBJECTIONS TO THE CROSS EXAMINATION OF DR. FELDMANN | DEFENDANT'S BASIS FOR ADMISSION |

| | | |
|---|---|---|
| 84:16 | Withdrawn | |
| 94:18 – 95:25 | It appears the defendant has withdrawn the answers, and thus our objection is withdrawn | |
| 99:12, 99:24-25, 100:7 | The question is not put to a reasonable degree of medical probability. | |
| 107:18 | Withdrawn | |
| 110:9-10 | Withdrawn | |
| 111:21 | Withdrawn | |
| 115:18 | The question is a hypothetical about "someone" and is therefore irrelevant, and is not put to a reasonable degree of probability. | |
| 119:1, 119:8 | Withdrawn | |
| 119:22 | Speculative question about a patient referred to as "you" and not to a reasonable degree of probability. | |
| 122:8, 20 | Withdrawn | |
| 127:7, 18 | Withdrawn | |
| 107:18 | Withdrawn | |
| 130:5, 130:12; 131:17 | Improper Character Evidence | The defendant did not make this objection during Dr. Feldmann's testimony. Therefore the objection was waived. Furthermore, Dr. Feldmann's credibility is critical in this case on the key issue of causation. Dr. Feldmann's causation evidence is contested by the defendant's examining doctor. Therefore evidence of Feldmann's education, experience, and role in the community is relevant to this issue. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| | | |
|---|---|---|
| | | |
| | | |

# Combined plaintiffs' and defendants objections in the trial testimony deposition of Brian J. Donahue, M.D.

## Objections to Donahue's direct testimony

| Location | Defendant's Objections | Plaintiffs' Basis for Admission |
|---|---|---|
| 11:11 *S* | Improper character evidence, improper bolstering, irrelevant (qualifications already admitted). | Dr. Donahue's credibility is critical in this case on the key issue of causation. Dr. Donahue's causation evidence is contested by the defendant's examining doctor. Therefore evidence of Donahue's education, experience, and role in the community is relevant to this issue. |
| 11:19 *S* | Relevancy of Dr. Donahue's charitable work | Dr. Donahue's credibility is critical in this case and evidence of his education, experience, and role in the community is relevant to this issue. It establishes his surgical experience in trauma related work and refutes the argument to be made that Donahue base motivations to advocate for a patient. |
| 13:24-25 | Withdrawn | |
| 16:3 – 17:24 *S* | Object to profile from website, | Dr. Donahue's credibility is critical in this case and evidence of his education, experience, and role in the community is relevant to this issue. |
| 17:3-7 *S* | Redundancy of Exhibit 1 insofar as it states Dr. Donahue's qualifications and relevancy insofar as it discusses his charitable work | Dr. Donahue's credibility is critical in this case and evidence of his education, experience, and role in the community is relevant to this issue. |
| 17:10-12 *S* | Relevancy of Dr. Donahue's blog | Dr. Donahue's credibility is critical in this case and evidence of his education, experience, and role in the community is relevant to this issue. |
| 20:5-14 | Withdrawn | |
| 29:16 *O* | Leading | This is not a leading question. The answer is not suggested. |
| 29:25 *O* | Leading | Such questions are intended to speed up the trial and save the jury's and the Court's time. Mrs. Docksey will testify as to these facts at |

| | | trial. |
|---|---|---|
| 36:23 | Withdrawn | |
| 38:4-6 | Withdrawn | |
| 40:3-10 | Withdrawn | |
| 42:12-13 | Withdrawn | |
| 44:2-3 | Withdrawn | |
| 47:17-18 | Withdrawn | |
| 48:14-15 *O* | Calls for Speculation | Dr. Donahue is a medical expert in this case and gave his opinion to a reasonable degree of medical certainty. |
| 50:1-2; 9-11; 22-23 | Withdrawn | |
| 52:2 | Withdrawn | |
| 53:4-5 | Withdrawn | |
| 54:3 | Withdrawn | |
| 54:6-7 | Withdrawn | |
| 56:20 | Withdrawn | |
| 58:20-21 *O* | Picture of knee is of a right knee, but Mrs. Docksey's injury was to her left knee. | The jury can decide how much weight to give testimony related to this exhibit. The anatomical drawing is relevant to the anatomy of the injuries in question |
| 62:20-21 | Withdrawn | |
| 64:3 | Withdrawn | |
| 65:7-8 | Withdrawn | |
| 67:1-2 | Withdrawn | |
| 67:10-11 | Withdrawn | |
| 67:23-24 | Withdrawn | |
| 68:14 | Withdrawn | |
| 69:4 | Withdrawn | |
| 69:16 *O* | Hearsay – Mrs. Docksey's Medical Records; Also, Redundancy | Fed.R.Evid. 803(4) & (6); The plaintiffs are entitled to present Mrs. Docksey's medical records and to have Dr. Donahue explain them to the jury. |
| 69:25 | Withdrawn | |
| 73:18-19 | Withdrawn | |
| 74:19-23 *O* | Improper Character Evidence | This objection was waived when the defendant failed to object in the preservation deposition. Also, Dr. Donahue is permitted to testify as to the qualifications of the other treating doctors, referrals to whom he sends patients, and experts in this case. |
| 75:22 *O* | Leading | Such questions are intended to speed up the trial and save the jury's and the Court's time. |
| 76:6 | Withdrawn | |
| 81:18-19 | Withdrawn | |

| | | |
|---|---|---|
| 81:24-25 | Withdrawn | |
| 82:7-13  O | Leading | This objection was waived when the defendant failed to object in the preservation deposition.  Also, this portion of the transcript does not present a leading question. |
| 82:18-19 | Withdrawn | |
| 83:12-13  O | Leading | Such questions are intended to speed up the trial and save the jury's and the Court's time. |
| 84:24-25 | Withdrawn | |
| 85:12-13 | Withdrawn | |
| 86:3-4 | Withdrawn (needs to be redacted from video) | Counsel will work to redact or erase all withdrawn objections or objections which were over-ruled. |
| 89:13 | Withdrawn | |
| 91:7-8; 14 | Withdrawn | |
| 92:10-11 | Withdrawn | |
| 94:10-21  O | Improper Character Evidence.  There is no evidence of any allegations of malingering thus this is not rebuttal to any other opinion. | This objection was waived when the defendant failed to object in the preservation deposition.  This question directly relates to Dr. Donahue's treatment of Mrs. Docksey's injuries in this case and he can testify that she was indeed injured and was not malingering.  Moreover, the jury may interpret that Dr. Messenbaugh is testifying that Mrs. Docksey is either malingering or attempting to recover damages for false or non-caused injuries. |
| 95:20-23 | Counsel stated need to make unidentified objections outside the presence of the jury. | |
| | PLAINTIFFS' OBJECTIONS TO THE CROSS EXAMINATION OF DR. DONAHUE | DEFENDANT'S BASIS FOR ADMISSION |
| 104:3  O | Foundation – This question suggests that there were pre-accident records, and thus there was a prior injury.  There was no prior injury.  The question presumes that Dr. Donahue reviewed treatment records from before the collision and is a clear implication that Mrs. Docksey's injuries were pre-existing. | The witness testified on direct as to other prior records. |
| 110:6  O | Not to a reasonable degree of probability.  *Wasson v Dillon Companies*, 797 F. Supp. 2d 1138, 1158 (D. Colo. 2011). | Ms. Wasson's arguments are set out on the defendant's counter designations attached hereto. |

| | | |
|---|---|---|
| 112:4 | Not to a reasonable degree of probability | |
| 112:15 | Not to a reasonable degree of probability | |
| 113:2 | Not to a reasonable degree of probability | |
| 113:8 | Not to a reasonable degree of probability | |
| 114:11-12 | Not to a reasonable degree of probability | |
| 115:4 | Not put to a reasonable degree of probability | |
| 115:10 | Standing objection to questions to the doctor not put to a reasonable degree of probability | |
| 117:1. 117:10. 120:3 | Standing objection to questions to the doctor not put to a reasonable degree of probability | |
| 124:14. 19 | Standing objection to questions to the doctor not put to a reasonable degree of probability | |
| 125:24-25 | Standing objection to questions to the doctor not put to a reasonable degree of probability | |
| 129:19-30 | Withdrawn | |
| 136:19. | Standing objection to questions to the doctor not put to a reasonable degree of probability | |
| 137:1 | Standing objection to questions to the doctor not put to a reasonable degree of probability | |
| 137:6 | Standing objection to questions to the doctor not put to a reasonable degree of probability | |
| 140:11 | Standing objection to questions to the doctor not put to a reasonable degree of probability | |
| 142:14 | Withdrawn | |
| 143:5-6 | Withdrawn | |
| 147:10 | Relevance | This testimony is directly related to a challenge of Dr. Donahue's honesty and credibility, which is critical in this case. |
| 147:14 | Relevance | This testimony is directly related to a challenge of Dr. Donahue's honesty and credibility, which is critical in this case. |
| 151:14-15 | Leading and Relevance | Such questions are intended to speed up the |

| | | trial and save the jury's and the Court's time. This testimony is directly related to a challenge of Mrs. Docksey's honesty and credibility, which is critical in this case. |
|---|---|---|

# Combined plaintiffs' and defendants objections in the trial testimony deposition of Brian J. Donahue, M.D., Vol. II, taken February 21, 2013

## Objections to Dr. Donahue's direct testimony

| Location | Defendant's Objections | Plaintiffs' Basis for Admission |
|---|---|---|
| 10:24 – 11:5 *O* | Question asks for an undisclosed, late opinion | Plaintiffs will agree to withdraw the question and answer. |
| 12:21 – 16:21  *12:21-13:24*  *S*  *13:24 – 16:21*  *O* | Contains undisclosed opinions and primarily repetitive testimony from first deposition. Dr. Donahue was asked, in his deposition of August 23, 2012, to describe the procedures he would do on Plaintiff's knee. Page 71:9 he was asked his opinions about consistency of findings and complaints. He discussed the plan, function and impact to the patient beginning at 71:14. Options for the knee begin at 77:16 – 87:17. | Dr. Donahue is Mrs. Docksey's treating orthopedic physician, and continues actively treating Mrs. Docksey. F.R.C.P. 26(a)(2)(A) and (C).  Plaintiffs have complied with F.R.C.P. 26(a)(2)(C),(D), and (E). Dr. Donahue performed arthroscopic surgery on Mrs. Docksey's left knee (the second surgery Dr. Donahue performed on that knee) on October 30, 2012.  It was this surgery, performed after Dr. Donahue's trial preservation deposition on August 23, 2012, that necessitated Dr. Donahue's supplemental trial preservation deposition.  Plaintiffs made their 19th Supplemental Disclosure and supplemental expert witness disclosure on December 27, 2012, which disclosure included a copy of the operative report as well as Dr. Donahue's progress notes and notes from Mrs. Docksey's post-surgical physical therapy treatments. |
| 18:6-21:4  *O* | Objection to 2013 medical records and opinions. The records were disclosed on February 20, 2013, only on day before the deposition and within weeks of trial. Defendant did not have sufficient opportunity to review the records with her expert. | Exhibits 1047, 48 and 49 refer to bates stamped documents DCD 001047, DCD 001048, and DCD 001049 (a 3 page report of Mrs. Docksey's initial, post-surgical physical therapy evaluation and treatment on November 8, 2012) which were part of Plaintiffs' 19th Supplemental Disclosures and supplemental expert witness disclosures made on December 27, 2012.  A copy of those exhibits is attached.  Defendant made her Third Supplemental F.R.C.P. Rule 26(a)(2) |

| | | Expert Disclosures on January 11, 2013, which included another report from Dr. Robert L. Messenbaugh, defendant's F.R.C.P. 26(a)(2)(B) expert.  In that report, Dr. Messenbaugh opined on the October 30, 2012 arthroscopic surgery on Mrs. Docksey's left knee and, also, on Dr. Donahue's post-surgical follow-up exam on November 29, 2012. |
|---|---|---|
| 21:5 – 21:11 | Cumulative to testimony about causation, damages and surgery from prior testimony | At the time of Dr. Donahue's deposition on August 23, 2012, surgery was discussed, but nothing had been planned.  Since the October 30, 2012 surgery was planned and performed after the deposition, the question whether Dr. Donahue attributed the need for the surgery was proper. |
| 21:16 | Withdrawn | |
| 22:19 | Withdrawn | |
| 24:3 – 25:5 | Objection to late disclosure as these records were not disclosed, nor the opinions, until one month after the visit and just weeks before trial. Further, while the witness is not completely clear about when he reached these opinions, they were before the 2013 visit and should have been disclosed prior to February, 2013 | Defendant did not object to the question at 24:3 and, therefore, any objection was waived.  With respect to the objection at 24:14, this was rebuttal to Dr. Messenbaugh's opinions disclosed January 11, 2013.  Plaintiffs' counsel disclosed Dr. Donahue's January 23, 2013 Progress Note the same day (February 14, 2013) that Plaintiffs' counsel obtained a copy of such note from Dr. Donahue's office.  Since Mrs. Docksey is still treating medically for the injuries she sustained in the collision, Plaintiffs' counsel's office has had to routinely make requests for supplemental copies of medical and billing records to Dr. Donahue's office, and counsel has disclosed such records without delay. F.R.C.P. 26(a)(2)(E). As of this date, Plaintiffs' counsel has made twenty-nine supplemental disclosures, the latest being February 27, 2013. |
| 25:6 – 25:25 | Objection to late disclosure as these records were not disclosed, nor the opinions, until one month after the visit and just weeks before trial. Further, while the witness is not completely clear about when he reached these opinions, they were before the | Same response as above. |

| | | |
|---|---|---|
| | 2013 visit and should have been disclosed prior to February, 2013 | |
| 26:1 – 27:15 | Objection to late disclosure as these records were not disclosed, nor the opinions, until one month after the visit and just weeks before trial. Further, while the witness is not completely clear about when he reached these opinions, they were before the 2013 visit and should have been disclosed prior to February, 2013 | Same response as above |
| 27:16 – 29:7 | Objection to late disclosure as these records were not disclosed, nor the opinions, until one month after the visit and just weeks before trial. Further, while the witness is not completely clear about when he reached these opinions, they were before the 2013 visit and should have been disclosed prior to February, 2013. New and undisclosed rebuttal opinions. | Defendant's counsel made no objection to the question at 27:16 and, therefore, any objection is waived. Since Dr. Messenbaugh is defendant's F.R.C.P. 26(a)(2)(B) expert, it was proper to have Dr. Donahue comment on Dr. Messenbaugh's opinions. |
| 32:20 | Cumulative to testimony from prior deposition. | At the time of Dr. Donahue's prior deposition on August 23, 2012, Mrs. Docksey had not had the second knee surgery. So, this question was proper. |
| 33:3 – 33:25 | Objection to late disclosure as these records were not disclosed, nor the opinions, until one month after the visit and just weeks before trial. Further, while the witness is not completely clear about when he reached these opinions, they were before the 2013 visit and should have been disclosed prior to February, 2013. New, undisclosed, opinion. | This was asking Dr. Donahue a question from his continued examination and treatment of Mrs. Docksey's left knee. F.R.C.P. 26(a)(2)(C) and (E). |
| 34:14 – 34:22 | Late opinion, calls for speculation as to "what jury concludes" and leading. | Same as last response. And, this question asked Dr. Donahue's professional opinion, to a reasonable degree of medical probability. The question did not ask Dr. Donahue to speculate. |